# In the Iowa Supreme Court

No. 24–1018

Submitted February 11, 2025—Filed March 14, 2025

**Ronald Stoughton** and **Rebecca Myers,**

Appellants,

vs.

**State of Iowa,**

Appellee.

Appeal from the Iowa District Court for Johnson County, Kevin McKeever, judge.

Plaintiffs appeal the dismissal of their action under the Fraud in Assisted Reproduction Act. **Affirmed.**

Per curiam.

James P. Hayes, Karen A. Lorenzen, and Michael H. Biderman of Hayes Lorenzen Biderman Lawyers PLC, Iowa City, for appellants.

Brenna Bird, Attorney General; Eric H. Wessan, Solicitor General; William C. Admussen, Assistant Solicitor General; Christopher J. Deist, Assistant Attorney General; and Pope S. Yamada and Carolyn Russell Wallace of Phelan Tucker Law L.L.P., Iowa City, for appellee.

**Per Curiam.**

This case raises the same issue decided in *Miller v. State*, ___ N.W.3d ___ (Iowa 2025): Whether Iowa Code chapter 714I, the Fraud in Assisted Reproduction Act (FARA), enacted in 2022, applies retrospectively. We held that it does not. *Id.* at ___. *Miller* controls the outcome of this case.

In the 1940s, Marlys and Clyde Stoughton, husband and wife, were struggling to conceive a child. The couple sought assistance from the Department of Obstetrics and Gynecology at the University of Iowa Hospitals and Clinics in Iowa City. They were seen by Dr. John H. Randall, a state employee, who suggested that the couple undergo fertility treatment. The treatment was successful, and Marlys gave birth to Ronald Stoughton on December 14, 1943, and Rebecca (Stoughton) Myers on November 22, 1948. Marlys and Clyde Stoughton, as well as Dr. Randall, have all passed away.

Ronald and Rebecca always believed that their biological father was Clyde Stoughton. However, the siblings discovered through DNA testing via Ancestory.com that Dr. John Randall was their actual biological father. Believing Dr. Randall had deceived their parents about the identity of the sperm used in their fertility treatment, the siblings asserted claims against the State of Iowa for damages under the newly enacted FARA. They brought this action in district court under FARA after their claims were denied by the State Appeal Board. The State moved to dismiss their petition on grounds that FARA does not apply retroactively to fertility fraud occurring before its enactment. The plaintiffs resisted, arguing that the legislature intended FARA to apply retrospectively to the actions taken by healthcare professionals prior to the statute's enactment. The district court agreed with the State and dismissed the case. The plaintiffs appealed, and we retained the case.

Iowa Code section 4.5 (2023) provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." There is no express language in FARA that allows it to apply retrospectively. In *Miller*, we held that FARA does not apply retroactively to fraud that occurred before its enactment. ___ N.W.3d at ___.

Because Dr. Randall's actions occurred prior to FARA's enactment, the statute is inapplicable. Applying *Miller*, we affirm the district court's judgment dismissing the case with prejudice.

**Affirmed.**

This opinion shall not be published.